CLERK'S OFFICE U.S. DIST. COURT
AT ROANOKE, VA
FILED

JUL 24 2013

JULIA C. DUDLEY, CLERK
BY:
DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
ROANOKE DIVISION

| | |
|---|---|
| JUSTIN D. THOMAS & <br> IRENE S. THOMAS, <br><br> Plaintiffs, <br><br> v. <br><br> CARMEUSE LIME & STONE, INC., <br> and <br> O-N MINERALS (CHEMSTONE) <br> COMPANY, <br><br> Defendants. | Case No.: 7:12-cv-00413-JCT <br><br> **MEMORANDUM OPINION** <br><br> By: James C. Turk <br> Senior United States District Judge |

This matter is before the Court on the Plaintiffs' Motion for Partial Summary Judgment. ECF No. 62. Defendants filed a response, ECF No. 65, and Plaintiffs filed a Reply, ECF No. 68. The Court heard argument on the motion on July 11, 2013, and the matter is now ripe for decision.[1] For the reasons set forth briefly below, and for the reasons set forth by the Court at the July 11, 2013 hearing, Defendants' Motion for Partial Summary Judgment, ECF No. 62, is **DENIED WITHOUT PREJUDICE** as premature.

The factual background of the case is set forth in the Court's prior opinions in this case and the Court will not repeat it here. See ECF No. 12 at 2-4; ECF No. 38 at 2-6. In their partial summary judgment motion, Plaintiffs request that the Court issue a number of legal rulings as a matter of law regarding the meaning and interpretation of several deeds. Specifically, they request that the Court issue rulings stating the following:

---

[1] Also pending before the Court are two motions to compel discovery, one filed by each party. ECF Nos. 66, 71. As discussed at the July 11, 2013 conference, those motions are taken under advisement.

> 1. The 1849 Deed, as exhibited and as recorded in the Clerk's Office for the Circuit Court of Botetourt County at Deed Book 31, page 271 is authentic;
>
> 2. The plain reading of the language of the 1849 Deed places a restriction on all blasting, quarrying or taking away of stone within the enclosure of the yard under and around the old stone house;
>
> 3. The restriction on activities within the enclosure of the yard of the old stone house is not conditioned upon occupancy, explicitly or implicitly;
>
> 4. Any mining rights conveyed by the 1849 Deed are subject to the "Yard restriction," regardless of the occupancy of the old stone house;
>
> 5. The 1992 Deed, as exhibited and as recorded in the Clerk's Office for the Circuit Court of Botetourt County at Deed Book 419, page 591 is authentic; and
>
> 6. The 1992 Deed plainly only conveys half the veins of limestone.

ECF No.62 at 1-2. Plaintiffs contend that these rulings will substantially narrow the issues for trial. Id. at 2. In support of their motion, they rely primarily on: (1) two sworn declarations from their attorney, Mr. Lugar, regarding the authenticity of the deed and the chain of title for the severed limestone estate, see ECF Nos. 63-1, 69; and (2) the Court's prior statements in denying Defendants' motion to dismiss. See generally ECF No. 38.

In response, Defendants counter with four arguments. First, they argue that there is a factual dispute as to whether the 1849 and 1992 Deeds are in Defendants' chain of title of Defendants' mineral rights. Until this dispute is resolved, any ruling interpreting these deeds would be an improper and unconstitutional advisory opinion. ECF No. 65 at 5-10. Second, they argue that the deed provisions of the 1849 Deed are ambiguous and therefore genuine issues of fact remain which prevent summary judgment. Id. at 10-12. Third, they contends that the Yard Restriction in the 1849 Deed is no longer valid based on the doctrine of changed circumstances. Id. at 12-14. Fourth, they argue that the Virginia circuit court's decision allowing Global Stone James River, Inc. to intervene in Plaintiffs' prior suit to quiet title is the "law of the case" and

2

dictates that, at the very least, the 1992 Deed is ambiguous as to what rights it conveyed to whom. Id. at 14-18.

The Court has considered the submissions of the parties and the argument of counsel at the hearing and concludes that, at this time, it would be premature to grant summary judgment on the issues requested by Plaintiffs. Discovery in this case has not yet been completed and, as particularly relevant here, Defendants' counsel represented to the Court at the hearing that title work on behalf of Defendants was ongoing and not yet complete. In light of the fact that it is not clear to the Court that the 1849 and 1992 Deeds are even in Defendants' chain of title, it would be premature at this time to offer any legal interpretation of them as a matter of law in this case. Instead, the Court concludes that the more prudent course is to allow Defendants to complete their title work prior to this Court making any definitive ruling as to the property rights of the parties.

The Court is cognizant of the fact that Defendants have failed to respond to Plaintiffs' motion with specific admissible evidence regarding their alleged chain of title that would create a genuine dispute of material fact as to whether the 1849 and 1992 Deeds are in their chain of title. For example, Mr. Lugar's Second Declaration states that the 1849 Deed "is the original and only severance deed relating to the Thomas Property," ECF No. 69 at ¶ 2, and that any ownership interest of limestone by O-N Minerals (Chemstone) Company "must originate with the 1849 Deed." Id. at ¶ 6; see also id. at ¶ 7 (making similar allegation with regard go 1992 Deed). Defendants have not presented any admissible evidence in response regarding what their purported chain of title is or from what other deeds it might flow. Nor did Defendants properly invoke Rule 56(d) and "show[] by affidavit or declaration that . . . [they] cannot present facts essential to justify [their] opposition . . . ." Fed. R. Civ. P. 56(d).

Despite the failure to file a Rule 56(d) affidavit, the Court finds it significant that

3

Defendants' written response to the summary judgment motion clearly indicated there remained disputes of fact over their own chain of title. Moreover, Defendants' counsel represented during the hearing that Defendants have begun—but not yet completed—the process of having a title examiner determine the entire chain of title to determine Defendants' ownership interest in the property. Cf. Harrods Ltd. v. Sixty Internet Doman Names, 302 F.3d 214, 244-45 & n.19 (4th Cir. 2002) (discussing the importance of filing an affidavit pursuant to prior Rule 56(f) (now Rule 56(d)), but recognizing that the affidavit is not always strictly required "if the nonmoving party has adequately informed the district court that the motion is premature and that more discovery is necessary"). According to Defendant's counsel, moreover, the chain of title here may not be straightforward and may involve chancery court decisions incorporated by reference into various deeds. Based on defense counsel's representation, and because any summary judgment on any claim resolving the property interests of the parties should be based on accurate information relevant to the case before the Court, the Court **DENIES WITHOUT PREJUDICE** Plaintiffs' Motion for Partial Summary Judgment, ECF No. 62, at this time.

**ENTER**: This __ day of July, 2013.

_____
Honorable James C. Turk
Senior United States District Judge