CLERK'S OFFICE U.S. DIST. COURT
AT ROANOKE, VA
FILED

OCT 02 2013

JULIA C. DUDLEY, CLERK
BY: /s/
DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
ROANOKE DIVISION

| | |
|---|---|
| JUSTIN D. THOMAS & IRENE S. THOMAS, <br><br> Plaintiffs, <br><br> v. <br><br> CARMEUSE LIME & STONE, INC., and O-N MINERALS (CHEMSTONE) COMPANY, <br><br> Defendants. | Case No.: 7:12-cv-00413-JCT <br><br> **MEMORANDUM OPINION** <br><br> By: James C. Turk <br> Senior United States District Judge |

Pending before the Court are two motions that were argued before the Court on September 30, 2013. The Court issued a brief oral ruling on both motions at that time, but this Memorandum Opinion and Order are intended to set forth the Court's rationale in additional detail.

**I.    Plaintiffs' Motion to Join Necessary Party As Voluntary or Involuntary Plaintiff**

On August 15, 2013, Plaintiffs filed a Motion to Join Necessary Party as Voluntary or Involuntary Plaintiff pursuant to Rule 19 of the Federal Rules of Civil Procedure. ECF No. 79. Although Plaintiffs stated in their motion that Defendants were unopposed to this request, Defendants in fact filed a response in opposition, arguing that joinder should not be permitted here. ECF No. 81. In particular, Defendants argue that the motion is "improper, untimely, and unnecessary." ECF No. 81 at 1. The Court heard arguments on the motion on September 30, 2013.

Plaintiffs request that the Court add Mr. Thomas Helms, Sr. as a plaintiff in this case pursuant to Rule 19. In pertinent part, Rule 19 provides:

> **(a) Persons Required to Be Joined if Feasible.**
>
> **(1) *Required Party.*** A person who is subject to service of process and whose joinder will not deprive the court of subject-matter jurisdiction must be joined as a party if:
>
> > **(A)** in that person's absence, the court cannot accord complete relief among existing parties; or
> >
> > **(B)** that person claims an interest relating to the subject of the action and is so situated that disposing of the action in the person's absence may:
> >
> > > **(i)** as a practical matter impair or impede the person's ability to protect the interest; or
> > >
> > > **(ii)** leave an existing party subject to a substantial risk of incurring double, multiple, or otherwise inconsistent obligations because of the interest.
>
> **(2) *Joinder by Court Order.*** If a person has not been joined as required, the court must order that the person be made a party. A person who refuses to join as a plaintiff may be made either a defendant or, in a proper case, an involuntary plaintiff.

Fed. R. Civ. P. 19.

Based on the record before the Court, it appears that Mr. Helms is "subject to service of process." It further appears that his joinder would not deprive this Court of jurisdiction, because it would not destroy the diversity of the parties. That is, Helms is a resident of Virginia, Plaintiffs are residents of Ohio, and it appears that neither Defendant is a Virginia resident.[1] Thus,

---

[1] The Plaintiffs are residents of Ohio. ECF No. 25, Am. Compl. at ¶ 2. Defendant Carmeuse Lime & Stone is a Delaware corporation with a principal place of business in Pennsylvania. See ECF No. 25, Am. Compl. at ¶3; ECF No. 43, Answer at ¶3 (admitting same). The Complaint alleges that Defendant O-N Minerals (Chemstone) Company, a wholly-owned subsidiary of Carmeuse, is also a Delaware corporation with its principal place of business in Pennsylvania. ECF No. 25, Am. Compl. at ¶ 4. In its Answer, O-N Minerals (Chemstone) Company denies the allegations concerning its residency, but does not indicate its state of incorporation or its principal place of business. The Court notes that some documents in the case indicate that it is a Delaware corporation. See, e.g., ECF No. 71-6 at 28. In any event, no party has argued that adding Mr. Helms would defeat this Court's jurisdiction.

regardless of which side Mr. Helms would be aligned with, his presence would not deprive this Court of jurisdiction based on the diversity of the parties. Thus, the initial requirements of Rule 19(a)(1) are satisfied.

The Court turns next to Plaintiffs' argument that Mr. Helms must be joined under Rule 19(a)(1)(B)(i), i.e., that he claims an interest in the subject of the action and that disposing of the action in his absence may as a practical matter impair or impede his ability to protect the interest. The Court finds that Mr. Helms has previously "claim[ed] an interest relating to" the property at issue in this case, via an affidavit he filed in a prior suit related to the same property. See ECF No. 79-2, at 5-7. Additionally, Mr. Helms appeared at the September 30, 2013 hearing and expressed that he claimed an interest in some portion of the limestone beneath the Thomas property.

It is a more difficult question, however, whether disposing of the action in his absence "may . . . as a practical matter impair or impede [Mr. Helms's] ability to protect [his] interest." Fed. R. Civ. P. 19(a)(1)(B)(i). On the one hand, Mr. Helms' claimed interest in some portion of the limestone on the Thomas property may well conflict with the interest claimed by Defendants, who at one point in this action claimed an ownership interest in the entirety of the limestone estate severed from the Thomas property.[2] As a result, it appears that any ruling by this Court as to the extent of Defendants' limestone interest in the Thomas property could potentially also impair or impede Mr. Helms' ability to protect his interest. That is, if the Court were to conclude that Defendants owned limestone rights to the entirety of the Thomas property, Mr. Helms' interest might be impaired.

On the other hand, the Court's determination as to the rights between the parties here may

---

[2] At the hearing, there was some discussion of whether Defendants still claim ownership over the entirety of the limestone on the Thomas Property. In any event, ownership of at least a portion of the limestone rights may be in dispute, as between Defendants and Mr. Helms.

3

not be determinative as between Mr. Helms and Defendants. Notably, as pointed out by Defendants, the Amended Complaint in this action is not a quiet title action and thus the property rights of Mr. Helms will not be adjudicated at all. Moreover, it does not appear that collateral estoppel would apply in any future action by Mr. Helms against Defendants, since one of the elements for collateral estoppel under Virginia law is that "the parties to the two proceedings . . . be the same or in privity." Duncan v. Duncan, 448 F.3d 725, 728 (4th Cir. 2006). Thus, it may well be that Mr. Helms could protect his interests subsequent to this lawsuit, "through a separate lawsuit or otherwise." Cf. Barefoot v. City of Wilmington, 306 F.3d 113, 126 (4th Cir. 2002), rev'd on other grounds by Exxon Mobil Corp. v. Saudi Basic Indus. Corp., 544 U.S. 280 (2005), (affirming the district court's denial of a motion for joinder and noting the availability of a subsequent lawsuit to the party sought to be joined).[3]

Even if the requirements of (a)(1)(B)(i) were met, however, the Court concludes that joinder of Mr. Helms as an involuntary plaintiff is not warranted here. Rule 19 allows joinder as an involuntary plaintiff only in "a proper case" and only after he has refused to join. See Fed. R. Civ. P. 19. In their motion, Plaintiffs acknowledge that they "have not had the opportunity to speak with Mr. Helms nor do they know his wishes" as to whether he would want to be joined. ECF No. 79 at 5. Instead, they simply explain that they "anticipate a process that would allow [Mr. Helms] to protect his interests with as little expense and hardship as possible." Id. At the September 30, 2013 hearing, Mr. Helms appeared without counsel and informed the Court that he was unsure as to whether or not he wanted to be a part of this lawsuit, and unsure as to

---

[3] It may also be true that not allowing Mr. Helms' participation here could subject Defendants to conflicting judgments, thereby implicating Rule 19(a)(1)(B)(ii)—a judgment by this Court concluding Defendants owned the entirety (or nearly all) of the limestone rights associated with the Thomas property, and a later judgment in favor of Mr. Helms stating that he owns a portion of those same limestone rights. No party asks for joinder on this basis, however.

4

whether or not he wanted to go to the expense of hiring an attorney.

For the reasons expressed at the hearing, the Court concludes that the preferable course of action under the circumstances is to allow Mr. Helms additional time to consult with an attorney (if he so chooses) and additional time to make the decision as to whether to voluntarily join this lawsuit. As explained by the court in Hicks v. Intercontinental Acceptance Corp., 154 F.R.D. 134 (E.D.N.C. 1994),

> "[t]he law generally disfavors forced joinder of a party as a plaintiff with whatever procedural handicaps that normally entails. Under our adversary system the general rule is that only the party who initiates the lawsuit should be saddled with the procedural burdens of a plaintiff." Eikel v. States Marine Lines, Inc., 473 F.2d 959, 962 (5th Cir.1973), reh'g denied, 475 F.2d 1404 (5th Cir.1973). Because such joinder is disfavored, the "proper case" requirement [in Rule 19] has been interpreted to mean that a party may only be joined as an involuntary plaintiff if that party "(1) has an obligation to permit its name or title to be used to protect rights asserted in the action; (2) is beyond the jurisdiction of the court; and (3) has refused to voluntarily join in the action following notification thereof." Sheldon v. West Bend Equipment Corp., 718 F.2d 603, 606 (3rd Cir.1983) (citing Independent Wireless Telegraph Co. v. Radio Corporation of America, 269 U.S. 459, 46 S. Ct. 166, 70 L. Ed. 357 (1926) for support).

154 F.R.D. at 135. In Hicks, the Court held that joinder of the Federal Trade Commission as an involuntary plaintiff was inappropriate "[a]bsent a showing of notification and subsequent refusal." The requirements set forth in Hicks and Sheldon for joining a party as an involuntary plaintiff plainly are not met here since Mr. Helms has not yet refused to voluntarily join.

Mr. Helms also appears not to satisfy the "proper test" requirement that he be beyond the jurisdiction of the Court. See Hicks, 154 F.R.D. at 135. While there are courts that have allowed a party within the jurisdiction of the Court to be added as a party defendant and then realigned

that party as a plaintiff,[4] at least one court has rejected such an interpretation under circumstances similar to those here and the Court finds its reasoning instructive. See <u>Dublin Water Co. v. Delaware River Basin Comm'n</u>, 443 F. Supp. 310, 315 (E.D. Pa. 1977) (holding it was not proper to allow a defendant who was within the jurisdiction of the court to be made into an "involuntary plaintiff" where the party was only joined as a defendant for purposes of making him an involuntary plaintiff and where the plaintiff stated no independent claim against the party). Applying the reasoning of <u>Dublin Water Co.</u> to the facts here, where Mr. Helms would be joined as a defendant only for the purpose of making him an involuntary plaintiff and where there is no independent claim by the Plaintiffs against Mr. Helms, the Court concludes that his involuntary joinder as a plaintiff should not be permitted. This is simply not a "proper case" for such joinder. See <u>Hicks</u>, <u>supra</u>. Nonetheless, the Court will give Mr. Helms the opportunity to join as a <u>voluntary</u> Plaintiff, should he choose to do so.

For the foregoing reasons, the Court will permit—but not require—Mr. Helms to join as a party plaintiff in this action in order to protect his interests if he wishes to do so. As directed at the hearing, not later than October 30, 2013, Mr. Helms (or his attorney) shall notify the Court as to whether he wishes to join this action as a plaintiff or not. If he does not, then Plaintiffs' motion for joinder will be denied at that time. If he chooses to join (either pro se or with the representation of an attorney), he will be permitted to join this lawsuit as a voluntary Plaintiff without paying any filing fee.

---

[4] At least one commentator has criticized courts who have taken this route for improperly applying Rule 19(a), because they have allowed joinder of a defendant, and then realigned the defendant as an "involuntary plaintiff," without any discussion whatsoever of whether the facts present "the proper case." See Jean F. Rydstrom, Annotation, *What Constitutes "Proper Case" Within Meaning of Provision of Rule 19(a) of Federal Rules of Civil Procedure That When Person Who Should Join as Plaintiff Refuses To Do So, He May Be Made Involuntary Plaintiff "in a Proper Case,"* 20 A.L.R. 193 (1974 & Supp.), §§ 3[b], 8.

## II. Motion to Quash and for Protective Order

Plaintiffs have also filed a motion seeking to quash the notices of deposition for six depositions scheduled for this week. ECF Nos. 87, 93. Although there were numerous grounds asserted in the motion for quashing the deposition, the Court concludes only that it would be wasteful of the parties' resources to conduct these depositions prior to Mr. Helms becoming a party, in the event that he decides to join this suit. In light of the Court's ruling allowing Mr. Helms thirty days to determine whether he wishes to join this suit as a party plaintiff, the Court concludes that the depositions should not be held until after that thirty-day period expires. For this reason, and as expressed at the September 30, 2013 hearing, Plaintiffs' motion to quash is **GRANTED** insofar as it requested to move the dates of the six scheduled depositions to a date after Mr. Helms either joins or declines to join the lawsuit.

The parties are directed to work cooperatively to reschedule the depositions. Additionally, if the parties need a later trial date in order to allow them additional time to complete discovery, prepare dispositive motions, or to prepare for trial, they may obtain a new trial date from chambers. They may also submit a joint proposed amended scheduling order setting forth new dispositive motions and pre-trial deadlines, but they are not required to do so.

The Clerk is directed to enter this Memorandum Opinion and the Accompanying Order of record and to send copies of this Order to counsel for the parties as well as to send a copy to Mr. Helms at the address provided by the Court.

**IT IS SO ORDERED.**

ENTER: This 2nd day of October, 2013.

*/s/ James C. Turk*
Honorable James C. Turk
Senior United States District Judge